BakNey, Judge,
delivered the opinion of the court:
This is a suit for the recovery of taxes collected under the act of June 18, 1898, 30 Stat., 448, on legacies to two of the testator’s sons, Robert Bell Deford and John Edward Deford, both of whom were minors on July 1, 1902, at which time the refunding act of June 27, 1902, 32 Stat., 406, took effect.
The said decedent died June 2, 1901, leaving a last will and testament, which was duly admitted to probate on the 6th day of June, 1901, by the Orphans’ Court of Baltimore City, Md., the place of residence of the deceased, and the petitioners herein were named as the executors of said will and duly qualified as such. The legacies bequeathed to said minors were subsequently taxed under the provisions of said Avar-revenue act of June 13,1898, and it is for the refunding of said tax so collected that this suit is brought.
*224 The question thus presented to the court is whether such tax was legally collectible under the provisions of said act of June 13, 1898, as the Supreme Court has decided that the refunding act of June 27,1902, is only a legislative construction of the prior act. Vanderbilt v. Eidman, 196 U. S., 480, 500.
The legacy in question to these minor children was received by virtue of the following provisions of the last will of said deceased:
“ Eighth. I give and bequeath four thousand shares of my stock in the Deford Company of West Virginia, as follows, to wit: * * * Six hundred and sixty-six shares thereof to my son Eobert Bell Deford, and six hundred and sixty-six shares thereof to my son John Edward Deford, and I hereby appoint my sons Benjamin Franklin Deford and Thomas Deford guardians of my above-named infant sons, Eobert Bell Deford and John Edward Deford, to hold the above shares of stock of the Deford Company of West Virginia left to my said infant sons, respectively, until they shall, respectively, arrive at the age of twenty-one years; and when, as they, respectively, arrive at said age of twenty-one years to transfer their respective shares of said stock to my said sons Eobert Bell Deford and John Edward Deford, respectively; said guardians in the meantime collecting the dividends on said stock and applying the same, or so much thereof as may be necessary, to the support, maintenance, and education of my said infant sons, respectively, the balance, if any, to be invested by said guardians for their said wards, respectively, as they may deem most to the interest and advantage of their said wards. * * *
“Ninth. All the rest and residue of my estate, real and personal, of every kind and wheresoever situated, I direct to be divided by my executors, hereinafter named, into six equal parts. One of said parts I give, devise, and bequeath to my son Benjamin Franklin Deford; one of said parts 1 give, devise, and bequeath to my son Thomas Deford; one of said parts I give, devise, and bequeath to my son Eobert Bell Derord; and another part I give, devise, and bequeath to my son John Edward Deford. I do hereby appoint my sons Benjamin Franklin Deford and Thomas Deford the guardians of my two minor sons Eobert Bell Deford and John Edward Deford, and desire that they shall be excused by the orphans’ court from giving bond.”
*225 The refunding act of June 27, 1902, provided for the refunding of any taxes collected under the war-revenue act of June 13, 1898, “ as may have been collected on contingent beneficial interests which shall not have become vested prior to July first, nineteen hundred and two, and no tax shall hereafter be assessed or imposed under said act * * * upon or in respect of any contingent or beneficial interest which shall not become absolutely vested in possession or enjoyment prior to said July first, nineteen hundred and two.”
Now, it is contended by the plaintiffs that the said legacies coming to the said minor children by said provision of the last will of said deceased was a contingent beneficial interest which never became vested in the possession or enjoyment of said minors prior to July 1, 1902, at which time neither of them was of age. We see no ground whatever for this contention. When the last will and testament of said deceased was admitted to probate, the title of said minors in and to the shares of stock so bequeathed to them became absolute, subject to no contingency whatever. To be sure, their disability as minors made it necessary for the appointment of a guardian for them to take the possession of such stock and to manage it for them, and this would have been necessary if the will had made no provision for such guardianship. In fact, their title to these shares so given them under the will was exactly the same as it would have been if no provision for guardianship for them had been made. The law would have given the usufruct arising from these shares of stock. The will gives them the same.
If the decedent had died intestate and these minors had received this property upon a final distribution of the estate left by him, their right and title to the same would be exactly what it is under the will, a guardian for them would have been appointed by the court, and they would have received the income from the same during their minority, and upon their becoming of age would have come into possession of the corpus as the will provides.
It is ordered by the court that the petition in this cause be and the same is dismissed, and judgment is rendered in *226 fayor of the United States against the claimants for the cost of printing the record in this cause in the sum of nine dollars and sixty-two cents ($9.62), to be collected by the clerk as provided by law.
All the judges concur.